IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARRIE ANN LUDROSKY        )
                           ) No. 16-1895
                           )
    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

# SYNOPSIS

Plaintiff filed an application for supplemental social security income on May 2, 2013. Plaintiff alleged disability due to mental and physical impairments, including obesity, bipolar disorder, and anxiety disorder. Plaintiff's application was denied initially, and then denied following hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied her request for review. The parties' Cross-Motions for Summary Judgment are before the Court. For the following reasons, Plaintiff's Motion will be denied and Defendant's granted.

# OPINION

## I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

Plaintiff contends that the ALJ erred by substituting her lay opinion for that of the consulting examiner, Dr. Corasso, to which she assigned little weight. Defendant responds that a non-examining consultant, Dr. Rohar, reviewed Plaintiff's records. Dr. Rohar opined, inter alia, that Dr. Carosso's opinion was inconsistent with the evidence, and overestimated the severity of Plaintiff's functional restrictions.

2

The ALJ rejected Dr. Corasso's opinion, on several grounds: the great disparity between Plaintiff's performance at consultative examinations done in connection with the disability claim, and mental statute examinations done in the treatment setting; the fact that Dr. Corasso "obviously [relied] primarily on the claimant's long treatment history rather than on the rather minor abnormal findings on mental status examination"; the fact that Dr. Corasso's examination did not reflect knowledge of his examination of Plaintiff two years earlier. The ALJ's treatment of Dr. Corasso's opinion accompanied other findings by the ALJ, which are not challenged at present: that it would be unreasonable for the ALJ to presume that Plaintiff has remained unemployed solely for medical reasons, because she said she stopped working due to lack of energy and "gumption"; that many of Plaintiff's medical allegations were "simply not credible," because they were inconsistent with other evidence; and that the clinical findings reported over time at Cornerstone Care, where Plaintiff sought mental health treatment, tend to show "a higher level of functioning, and they do not reflect the days-long periods of isolation that she described at the consultative examinations." The ALJ also noted Plaintiff's GAF ratings, which were all over 50, and the fact that several of Plaintiff's statements regarding her activities of daily living were not credible or were directly contradicted by other statements by Plaintiff.

Dr. Carosso, a consulting psychologist, listed the following assessment procedures: a review of Plaintiff's records, a clinical interview, a Mini Mental State Exam-2, and the Sheehan Work Disability Scale. He opined that Plaintiff "struggles with sustaining attention and performing simple and repetitive tasks, given her obesity," and "has a long-standing history with difficulty relating to others without becoming combative, argumentative, or hostile," based on Plaintiff's reports. When asked to supply the medical/clinical findings that supported his

3

assessment that Plaintiff had moderate, marked, and extreme limitations in several areas of function, Dr. Carosso wrote "confused and frazzled" and "long history of becoming combative."

"Although opinions from a consultative examiner must be considered, the ALJ is free to reject some of those opinions or to reject them outright as long as he sufficiently explains his decision, and does not reject the opinions for no reason or for the wrong reason." Scott v. Colvin, No. 13-cv-00671, 2014 U.S. Dist. LEXIS 105212, at *21 (W.D. Pa. Aug. 1, 2014). When assessing the weight to be assigned to a non-treating source, an ALJ is not required to discuss every factor listed in 20 C.F.R. § 404.1527(c)(1). E.g., Campbell v. Berryhill, No. 15-551, 2017 U.S. Dist. LEXIS 36710, at *12 (E.D. Tenn. Mar. 15, 2017). "[A]n ALJ can consider every piece of evidence without addressing [all the evidence] in his opinion." Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 507-08 (6th Cir. 2006).

In this case, the ALJ did not substitute her lay opinion for that of Dr. Carosso. Instead, she weighed Dr. Carosso's opinion, and also explicitly considered factors such as the clinical findings in Plaintiff's longitudinal treatment records, and Plaintiff's credibility and activities. The ALJ also noted that Dr. Carosso was a consultative examiner. In other words, in compliance with Section 404.1527(c)(1), it is apparent that the ALJ considered the opinion's consistency and supportability, and the pertinent examining and treatment relationships.

Contrary to Plaintiff's suggestion, the ALJ did not deny the claim solely because Dr. Carosso's opinion was discounted, but instead due to the ALJ's assessment of the record as a whole. The mere existence of treatment records tending to support Plaintiff's claim does not undermine the ALJ's conclusions; the ALJ considered and weighed the entire record, and this Court is not permitted to reweigh the evidence. Finally, to the extent that Plaintiff suggests that

4

the ALJ was obligated to supplement the record, I reject that suggestion.  Mere inconsistencies in medical evidence do not trigger that obligation.

## **CONCLUSION**

In conclusion, the ALJ's decision is supported by substantial evidence.  Plaintiff's Motion will be denied, and Defendant's granted.  An appropriate Order follows.


Dated: 2/2/18                                             BY THE COURT:

*Donetta F. Ambrose*
_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARRIE ANN LUDROSKY )
) No. 16-1895
)
   v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

**ORDER**

AND NOW, this 2nd day of February, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

                BY THE COURT:

                _/s/ Donetta W. Ambrose_____

                Donetta W. Ambrose

                Senior Judge, U.S. District Court